### KINSEY v. ARRINGTON.

(Supreme Court, Appellate Term. May 9, 1912.)

LANDLORD AND TENANT (§ 22*)—LEASE—PROPOSAL AND ACCEPTANCE.

A proposal by a landlord to lease his premises for a certain term, which proposal was accepted by the tenant only conditionally, and was followed with a rejection by the tenant of a written lease proposed by the landlord, placed the tenant under no obligation to pay rent for the premises for the term proposed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William S. Kinsey against Peter Arrington. From a judgment for plaintiff, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1912, before SEABURY, GUY, and GER-ARD, JJ.

Alfred W. Haywood, Jr., of New York City, for appellant.
November & Jaffe, of New York City, for respondent.

PER CURIAM. The plaintiff sued to recover for the rent of a dwelling house for the months of December, 1911, and January, 1912, claiming that the plaintiff had leased the premises from October 1, 1911, to May 1, 1912, at an agreed rental of $75 per month, payable in advance. The defendant paid the full amount of the rent for the months of October and November.

An examination of the correspondence, which forms the basis of the plaintiff's claim, leads us to the conclusion that there was no lease ever entered into between the parties for any definite term. The most favorable view that can be taken of the plaintiff's claim is that he made an offer to lease the premises to the defendant from October until May, which offer was accepted only conditionally; the execution of the written agreement to lease, proposed by the landlord, having been refused by the defendant. Subsequently the defendant, claiming that the plaintiff had neglected to make the repairs which had been imposed by the defendant as a condition for executing the lease, sent the plaintiff, on November 2, 1911, a check for $75, being the amount of the November rent; the rent for October having previously been paid. This last check was accompanied by a letter which informed the plaintiff that the same was sent in "final settlement of the rent of your premises." This check was retained and used by plaintiff; the defendant vacating the premises on November 15, 1911. Under such circumstances, the plaintiff could not recover.

Judgment reversed, with costs, and complaint dismissed, with costs.